IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| FLORA YANKELEVICH | : | BANKRUPTCY NO.: 5:12-bk-05169-JJT |
| DEBTOR | : | |
| FLORA YANKELEVICH | : | {**Nature of Proceeding**: Motion to Dismiss Complaint (Doc. #6)} |
| PLAINTIFF | : | |
| vs. | : | |
| US BANK, NATIONAL ASSOCIATION, GREENPOINT MORTGAGE FUNDING, INC., NORTHSTAR MORTGAGE COMPANY, LLC, AND BANK OF AMERICA, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5:12-ap-00296-JJT** |

# OPINION[1]

The instant adversary was initiated by the Debtor against the above-captioned Defendants on November 2, 2012. This adversary was met by a Motion to Dismiss together with a brief in support filed December 6, 2012. A review of the docket indicates the Debtor has not filed a response to the Defendants' Motion to Dismiss. Under the Local Bankruptcy Rules for United States Bankruptcy Court for the Middle District of Pennsylvania, at Rule 7007-1(c) (Motions in Adversary Proceedings), "[t]he response to any motion must be filed and served within fourteen (14) days after service of the motion. If no response is timely filed, the motion may be deemed uncontested, and the court may dispose of the motion." In this instance, the Court does find that

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

the Motion to Dismiss is uncontested by the Debtor/Plaintiff, but, nonetheless, the Court will dispose of the Motion on the merits.

The Debtor/Plaintiff filed for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code. The Defendants draw the Court's attention to the fact that the allegations of the Complaint are all based upon pre-petition actions taken by the Defendants relating to the origination of a home mortgage. As such, the Defendants' position is that the Chapter 7 Trustee, and not the Debtor/Plaintiff, is the real party in interest. In other words, the Debtor/Plaintiff has no standing to bring the instant adversary proceeding. This is an argument in which the Court agrees.

Furthermore, 11 U.S.C. § 541(a)(1) specifies that a bankruptcy petition creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." This would include a debtor's interest in a cause of action. *Integrated Solutions, Inc. v. Service Support Specialties, Inc.*, 124 F.3d 487, 490 (3d Cir. 1997).

Based upon the foregoing, the Court finds support in the position of the Defendants that the Debtor/Plaintiff does not have standing to bring the instant adversary action, and, therefore, the Court will dismiss the adversary with an appropriate Order.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: February 1, 2013

[K:\Cathy\Opinions-Orders filed 2013\5-12-ap-00296-JJT_Yankelevich.pdf]     2

Case 5:12-ap-00296-JJT    Doc 12    Filed 02/01/13    Entered 02/01/13 16:03:56    Desc
Main Document    Page 2 of 2